C. J. TOWER & SONS *v.* UNITED STATES

No. 5730.—Invoices dated Toronto, Canada, July 19, 1941, etc.
Entered at Buffalo, N. Y., July 21, 1941, etc.
Entry No. 432, etc.

(Decided October 9, 1942)

*Barnes, Richardon & Colburn* (*Hadley S. King* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

KEEFE, Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between the attorneys for the parties hereto, subject to the approval of the court, that the facts and the issues involved in the appeals to reappraisement set forth in schedule A hereto annexed and made a part hereof, in so far as said appeals to reappraisement cover leather other than patent leather, are the same in all material respects as the facts and issues involved in *F. W. Myers & Co., Inc.* v. *United States*, Reap. Dec. 5607.

That foreign value, as that value is defined in Section 402 (c) of the Tariff Act of 1930, is the appraised value less any additions made by the importer by reason of the Canadian sales tax and that the export value of said merchandise is no higher.

That the appeals to reappraisement set forth in schedule A are specifically abandoned in so far as they cover patent leather.

It is further stipulated and agreed that the record in Reap. Dec. 5607 be incorporated as a part of the record in the appeals to reappraisement set forth in

schedule A and that the said appeals to reappraisement are hereby submitted on this stipulation.

On the agreed facts I find the foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930 as amended, to be the proper basis for the determination of the value of the merchandise here involved, and that as to the leather other than patent leather such values are the appraised values, less any additions made by the importer by reason of the Canadian sales tax.

The appeals having been abandoned insofar as they relate to patent leather, to that extent the appeals are hereby dismissed.

Judgment will be rendered accordingly.